**Oscar WYATT, Jr., Plaintiff-Appellant,**

v.

**Jerome KAPLAN, et al.,
Defendants-Appellees.**

No. 81–2246.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1983.

Fulbright & Jaworski, Thomas R. McDade, Houston, Tex., for plaintiff-appellant.

Vinson & Elkins, Charles W. Schwartz, Houston, Tex., for defendants-appellees.

Before WISDOM, POLITZ and TATE, Circuit Judges.

### ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

In *Wyatt v. Kaplan,* 5 Cir.1982, 686 F.2d 276, we upheld the district court's dismissal for lack of jurisdiction because Wyatt did not make a prima facie case that any tort was committed in Texas. We also held that Wyatt was not entitled to discovery to establish personal jurisdiction because a showing of business contacts within the state unrelated to the cause of action was irrelevant under the Texas long-arm statute as we interpreted the Texas decisions. Since then, however, the Texas Supreme Court has held that the Texas long-arm statute does not require that the cause of action arise out of contacts with Texas. *Hall v. Helicopters Nacionales de Colombia, S.A.,* 638 S.W.2d 870 (Tex.1982). In *Hall,* the court found that the requirements of the Texas long-arm statute were satisfied if the defendant had numerous contacts with Texas unrelated to the cause of action.

In his petition for rehearing, Wyatt contends that *Hall* requires that he be allowed discovery to establish jurisdiction under the new standard. We disagree. To satisfy the long-arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b, § 3 (Vernon 1964), Wyatt must establish a prima facie case that a tort has been committed. *See Jetco Electronic Industries, Inc. v. Gardiner,* 5 Cir.1973, 473 F.2d 1228, 1232–33; *e.g.,* 4 C. Wright & A. Miller, Federal Practice & Procedure, § 1068 (1969 & Supp.1982). Wyatt has failed to make a prima facie case of libel or slander. Mufson and Kaplan, the two parties to the conversation during which the slander and libel allegedly occurred, deny that Kaplan made the defamatory statement. In his affidavit, Mufson stated that the allegedly defamatory statement came from the complaint filed in Kaplan's shareholder derivative suit against Wyatt. The article in the Wall Street Journal makes it clear that the statement was in the complaint and did not come from Kaplan.

Allegations in a complaint filed in a judicial proceeding are privileged, *see* W. Prosser, Handbook of the Law of Torts § 114, at 778 (4th ed. 1971), and Wyatt failed to allege that he was injured by publication of statements in the complaint. Wyatt has simply failed to make any showing that Kaplan made a defamatory statement. The statement quoted in the Wall Street Journal came from the complaint, not from Kaplan. Because Wyatt did not make a prima facie showing of the tort, he does not satisfy the requirements of article 2031b extending jurisdiction over torts against Texas residents.

The petition for rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.